W. B. West, III, U. S. Atty., Fort Worth, Tex., W. E. Smith, Asst. U. S. Atty., Dallas, Tex., William M. Ravkind, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## SELECT IMPORTS, INC.
### v.
### Ellis CAMPBELL, Jr., District Director of Internal Revenue.
### Civ. No. 8364.

United States District Court
N. D. Texas,
Dallas Division.
June 22, 1961.

DAVIDSON, District Judge.

This is an action for refund of manufacturer's excise taxes of $6,727.76 plus interest paid on cigarette lighters for the period April 1, 1954 to December 31, 1957. The Commissioner of Internal Revenue collected the tax in question after determining that the Plaintiff was a manufacturer of table lighters under Section 3408(a) of the 1939 Internal Revenue Code, 26 U.S.C.A. § 3408(a), and Section 4201 of the 1954 Internal Revenue Code, 26 U.S.C.A. § 4201.

Section 3408(a) of the 1939 Internal Revenue Code reads as follows:

"There shall be imposed on the following articles, sold by the manufacturer, producer, or importer, a tax equal to 10 per centum of the price for which so sold:

"Mechanical pencils, fountain pens, and ball point pens;

"Mechanical lighters for cigarettes, cigars and pipes."

Section 4201 of the 1954 Internal Revenue Code reads as follows:

"There is hereby imposed upon the sale by the manufacturer, producer, or importer of the following articles, a tax equal to 10 per cent of the price for which so sold:

"Mechanical lighters for cigarettes, cigars and pipes,

"Mechanical pencils, fountain pens and ball point pens."

The Plaintiff, Select Imports, Inc., purchases lighter mechanisms and metal cups from the Evans Case Company and imports lighter bases. By assembling the three component parts, Plaintiff produces table lighters which are sold wholesale to retailers as gift items.

The sole question presented in this case is whether or not the Plaintiff is a "manufacturer, producer, or importer" within the meaning of the statute.

The Treasury Regulation, Section 316.2 (a), Regs. 46, defines a manufacturer as one who produces an article by completing or assembling two or more articles. This definition was followed in United States v. Armature Exchange, Inc., 9 Cir., 116 F.2d 969, to support an excise tax upon manufacturers or producers of automobile parts or accessories against the Taxpayer's contention that he wasn't a manufacturer but was merely the rebuilder of armatures.

Precisely in point is Rev.Rule 57–425, C.B.1957–2, 270; the Commissioner of Internal Revenue ruled that the sale of mounted lighters on various types of bases, manufactured by the person selling the completed articles as table and desk lighters, is subject to the manufacturer's excise tax.

To be a manufacturer or one engaged in manufacturing and producing articles of commerce it is not necessary that the maker or manufacturer create or produce each and all of the elements of the article. One may be a manufacturer by assembling articles or fabrics that someone else has made and by reason of the assembly produce useful articles and be a manufacturer. Thus a shirt maker may use cloth that he did not manufacture and buttons and thread and turn out a vast number of shirts and is a manufacturer of shirts even though he neither creates the fabric, the thread or the buttons.

We think it is reasonably clear that the Plaintiff in this case was a manufacturer and is due to pay the tax in question.